THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 1 6 2004

| | | |
|---|---|---|
| VERONICA BONILLA, | ) | |
| | ) | 04C 1955 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | JUDGE JOHN W DARRAH |
| RUSH UNIVERSITY MEDICAL CENTER, | ) | |
| d/b/a RUSH-PRESBYTERIAN ST. LUKE'S | ) | MAGISTRATE JUDGE NOLAN |
| MEDICAL CENTER, | ) | Jury Demanded |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, VERONICA BONILLA, by and through her attorneys, HOLMAN & STEFANOWICZ, LLC, for her Complaint against the Defendant RUSH UNIVERSITY MEDICAL CENTER, d/b/a RUSH-PRESBYTERIAN ST. LUKE'S MEDICAL CENTER, and states as follows:

**INTRODUCTION**

1. This action seeks redress for the improper termination of the Plaintiff's employment by the Defendant in violation of the Plaintiff's rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343.

3. On March 11, 2003, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR), alleging that the Defendant terminated the Plaintiff's employment in violation of the ADA. (A copy of the Plaintiff's Charge is attached hereto as Exhibit A.)

4. On October 31, 2003, the EEOC rendered its Determination in connection with the Plaintiff's Charge of Discrimination concluding:

> I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party based on her disability, in that Charging Party was denied a reasonable accommodation and terminated, in violation of the ADA.

(A copy of the EEOC's Determination is attached hereto as "Exhibit B.")

5. A notification of Right to Sue was issued to the Plaintiff by the EEOC on December 15, 2003, stating, without limitations, "[t]he Commission has found reasonable cause to believe that your charge of employment discrimination is true. . . ." (A copy of the Plaintiff's Notice of Right to Sue is attached hereto as "Exhibit C.") The Plaintiff's ADA cause of action is being filed within 90 day of the Plaintiff's receipt of her notification of Right to Sue.

6. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(a) because all the events giving rise to the Plaintiff's claims occurred within this District, and the Plaintiff resides and the Defendant's principle place of business is within this District.

2

## PARTIES

7. Plaintiff Veronica Bonilla is a thirty-six year old female citizen of the State of Illinois. The Plaintiff was diagnosed with and is currently being treated for epilepsy. Epilepsy is a seizure disorder. A seizure is a temporary malfunction in the brain that occurs when the usually organized flow of electrical signals is disturbed by a sudden, electrical discharge that disrupts normal brain function.

8. The Plaintiff typically suffers from complex partial seizures, which may produce abnormal behaviors such as anger, laughter, or picking at cloth for no apparent reason. Partial seizures are more likely to indicate a serious underlying brain disorder than generalized seizures.

9. At all relevant times hereto, the Defendant Rush University Medical Center, d/b/a Rush-Presbyterian St. Luke's Medical Center ("Rush Medical Center") is and was an employer who employs in excess of fifteen employees.

## BACKGROUND FACTS

10. On October 14, 2002, the Plaintiff became an employee of Defendant as a General Office/Receptionist.

11. At the time the Plaintiff was hired, the Defendant informed the Plaintiff that she would receive a five (5) week training period.

12. Shortly after being hired, as a result of her epilepsy the Plaintiff experienced a number of complex partial seizures at work.

13. The Plaintiff's supervisor requested that the Plaintiff obtain "proof" of her disability.

14. On November 5, 2002, the Plaintiff's physician sent a letter to the Defendant explaining the Plaintiff's medical condition -- epilepsy -- and requesting a reasonable accommodation for the Plaintiff of "sufficient training." (A copy of Dr. Wynn's November 5, 2002 letter is attached hereto as "Exhibit D.")

15. On November 12, 2002, the Plaintiff was notified, in writing, that the Defendant was terminating her employment. One of the reasons listed by the Defendant for the termination of the Plaintiff's employment is:

> Personal demeanor – i.e. Ability to carry oneself in a professional manner. There have been several occasions in which you have cried or cried out to your mom and God for help. Should a patient or a doctor's office witness such behavior, we would lose all credibility with the care of their films.

(A copy of the Defendant's November 12, 2002 termination is attached hereto as "Exhibit E.") Clearly, one of the stated reasons that the Defendant terminated the Plaintiff's employment was because the Plaintiff experienced complex partial seizures at work. Additionally, the Defendant refused the reasonable accommodation suggested by the Plaintiff's physician.

16. Despite the fact that the Plaintiff suffers from epilepsy, she met all of the legitimate requirements to be a General Office/Receptionist for the Defendant, and was able to perform the essential functions of the job with or without reasonable accommodations from the Defendant.

17. Any reasonable accommodations that the Plaintiff may have needed from the Defendant would not have created an undue hardship for the Defendant.

4

## COUNT I
## (VIOLATION OF THE ADA)

18. The Plaintiff repeats and realleges paragraphs 1-17 as if set forth fully herein.

19. At all times relevant to the actions complained of herein, the Plaintiff was disabled within the meaning of the ADA, 42 U.S.C. § 12102(2), in that she has epilepsy -- a physical impairment that substantially limits one or more major life activities.

20. The Defendant's discharge of the Plaintiff because of her disability -- epilepsy -- violates the ADA, 42 U.S.C. §§ 12101, *et seq*.

21. The Defendant's violation of the ADA has proximately caused the Plaintiff to suffer damages, including without limitation, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

22. The Defendant acted with malice or reckless indifference to the Plaintiff's federally protected rights under the ADA. The Plaintiff is thus entitled to recover punitive damages in an amount sufficient to punish the Defendant and to act as a deterrent to future discriminatory acts.

WHEREFORE, Plaintiff Veronica Bonilla respectfully requests:

   a. All wages and benefits the Plaintiff would have received but for the discrimination, including pre-judgment interest;

   b. Compensatory damages in an amount to be determined at trial to compensate the Plaintiff for depression, humiliation, anguish, emotional distress, and defamation, caused by Defendant's conduct;

   c. Award the Plaintiff reasonable cost of past and future medical care that is needed according to proof;

  d. Defendant be required to pay prejudgment interest to the Plaintiff on these damages;

  e. Award the Plaintiff punitive damages;

  f. An award of reasonable attorneys' fees, costs, and litigation expenses; and

  g. Such other relief as the Court deems just and proper.

            Respectfully submitted,
            PLAINTIFF,

            By: _[signature]_ One of her Attorneys

Brian R. Holman
Dennis H. Stefanowicz, Jr.
HOLMAN & STEFANOWICZ, LLC
Attorneys for the Plaintiff
30 S. Wacker Drive, Suite 2425
Chicago, Illinois 60606
(312) 258-9700

6

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | 210A302326 |

__Illinois Dept. of Human Rights__ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Veronica Bonilla | (773) 539-4199 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 3734 W. Cullom, Chicago, IL 60618 | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Rush Presbyterian Medical Center | Cat D (501 +) | (312) 563-3269 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1725 West Harrison Street, Chicago, IL 60612 | | 031 |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST    LATEST
            11/12/2002
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I began working for the above referenced Respondent on or about October 14, 2002. My most recent position was General Office/Receptionist. When I was offered the position, the Respondent indicated that I would be subject to a five week training period. Shortly after being hired, I suffered a partial seizure at work. The Respondent requested "proof" of my disability. On or about November 5, 2002, my physician responded in writing with an explanation of my disability. My physician also requested that I receive a reasonable accommodation in the form of additional job training. On or about November 12, 2002, I was discharged.

I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990.

RECEIVED EEOC
MAR 11 2003
CHICAGO DISTRICT OFFICE

PLAINTIFF'S EXHIBIT
A

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| *Veronica Bonilla* Date 3-11-03 Charging Party (Signature) | [SUBSCRIBED] AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (Rev. 07/99)            FILE COPY



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Chicago District Office

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

EEOC Charge No. 210A302326

Veronica Bonilla
3734 West Cullom
Chicago, IL 60618

Charging Party

Rush Presbyterian Medical Center
1700 West Van Buren
Chicago, IL 60612

Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed under the Americans with Disabilities Act of 1990 (ADA).

Respondent is an employer within the meaning of ADA and all requirements for coverage have been met.

Charging Party alleges that she was discriminated against based on her disability, in that she was denied a reasonable accommodation and terminated, in violation of the ADA.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party based on her disability, in that Charging Party was denied a reasonable accommodation and terminated, in violation of the ADA.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).



PLAINTIFF'S EXHIBIT B

EEOC Charge No. 210A302326
Page 2 of 2

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include an agreement by the Respondent to cease engaging in unlawful employment practices, placement of identified victims in the positions they would have held but for the discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

On behalf of the Commission,

_October 31, 2003_
Date

_John P. Rowe_
John P. Rowe
District Director

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE -- TITLE VII / ADA/ADEA
(Conciliation Failure)

| To: | Veronica Bonilla<br>3734 West Cullom<br>Chicago, IL 60618 | From: | Chicago District Office<br>Equal Employment Opportunity Commission<br>500 West Madison Street, Suite 2800<br>Chicago, Illinois 60661-2511 |
|---|---|---|---|

CERT. MAIL #: 7099 3400 0006 7302 7298 C/P  Atty

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 210A302326 | Regina Husar, Enforcement Supervisor | (312) 353-0819 |

( See the additional information attached to this form )

The Commission has found reasonable cause to believe that your charge of employment discrimination is true but has not entered into a conciliation agreement to which you are a party because attempts to achieve such a voluntary settlement with respondent(s) have been unsuccessful.

The Commission has determined that it will not bring a civil action against the respondent(s) and accordingly is issuing this Notice of Right to Sue. With the issuance of this Notice the Commission terminates its process with respect to your charge, except that the Commission may seek status as intervenor if you decide to sue on your own behalf as described below.

If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM YOUR RECEIPT OF THIS NOTICE OF RIGHT TO SUE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

Your suit may include any allegation contained in your charge of employment discrimination or any matter which was or should have been discovered by the Commission during its investigation of your charge.

On Behalf of the Commission

_December 15, 2003_     _John P. Rowe_
                        John P. Rowe, District Director

Enclosures
    Information sheet

    cc: Respondent(s)    Rush Presbyterian Medical Center

PLAINTIFF'S EXHIBIT
_____C_____

EEOC Form 161-A (Test 10/94)



## CONSULTANTS IN NEUROLOGY, LTD.

JORDAN D. WAXMAN, M.D.
NEIL ALLEN, M.D.
RALPH V. CAMIN, M.D.
JAGAN K. MOHAN, M.D.
DANIEL R. WYNN, M.D.
THOMAS H. BURNSTINE, M.D.
MELODY M. WECHSLER, M.D.
RICARDO D. KOHN, M.D.
JAY A. BAUERLE, M.D.
DENNIS K. O'BRIEN, M.D.
KARIN KARLIN, M.D.

(Retired)
M. M. ILAHI, M.D.

1535 LAKE COOK ROAD
SUITE 601
NORTHBROOK, ILLINOIS 60062
(847) 509-0270
FAX (847) 509-0278

3545 LAKE AVENUE
WILMETTE, ILLINOIS 60091
(847) 251-1800
FAX (847) 251-1666

November 5, 2002

Ms. Maria Martinez
Section Manager
Rush-Presbyterian-St. Luke's Medical Center
Breast Imaging Center
1725 W. Harrison St., Ste. 155
Chicago IL 60612

**VIA FACSIMILE:** 312-563-4587

RE: Veronica Bonilla

Dear Ms. Martinez:

Pursuant to your letter of November 5, 2002, I am pleased to write the following letter at Ms. Veronica Bonilla's request. She has been followed in our practice for the last few years with epilepsy. She requires maintenance medication for this condition.

It is my feeling that she should be able to perform her activities at the job with the accommodation of sufficient time training. The job requires a certain amount of learning specific policies and procedures and statutes according to the job description you have provided to me. She is clearly able to do the physical abilities. It is my opinion that she will require some time in training such that she can do this most effectively for you.

Having known Ms. Bonilla for several years, I know that she is highly desirous to do well working for your hospital. I think that with sufficient training as an accommodation, she will prove to be an exceptionally valuable and loyal employee. Her seizures have been under excellent control. It is not my feeling that her epilepsy would pose a risk to others in the workplace.


PLAINTIFF'S EXHIBIT
D

BONILLA, Veronica (Cont'd)
Page 2

If you have further questions, please address them to me in specific form to my letterhead address.

Very sincerely yours,

Daniel R. Wynn, M.D.
CONSULTANTS IN NEUROLOGY, LTD.

DRW:mts

Rush Breast Imaging Center

11/12/02

Employee: Veronica Bonilla
Employee I.D.: 027631

Issue: Work Performance

Since your date of hire on October 14th a review of your performance has been made on a weekly basis. Based on your job description and initial competency checklist the following are areas in which you are lacking.

- Filing system—i.e., knowledge of the Medical Record System, competent knowledge to allow filing and re-filing of patient folders. You still have difficulty in comprehending the numerical system. Even though this has been communicated to you on various occasions, you still have difficulty in retrieving films.

- Phone requests—i.e. ability to take patient information down properly and consistently to obtain requests for patient files and/ or reports. Whenever a patient or doctor's office calls to obtain films or reports, you fail to obtain all the needed or correct information. When given the task of mailing out films, you are still unsure of the process and take too long in completing that task.

- Film loading on viewer equipment-i.e. Ability to independently load diagnostic films on the viewers correctly in a timely fashion. Even though you have been overseeing the loading of films since the first week you started, you still have difficulty in the orientation of proper film mounting. Just this week, the chief radiologist had to correctly remount the board.

- Personal demeanor-i.e. Ability to carry oneself in a professional manner. There have been several occasions in which you have cried or cried out to your mom and God for help. Should a patient or a doctor's office witness such behavior, we would lose all credibility with the care of their films.

We feel given past experience with previous employees, the time frame to have learned these skills is sufficient to have mastered the above functions. Given your past experience as a secretary these are basic clerical functions that should be clear to you. As you were made aware during employee orientation, this is a probationary period where we are assessing you and you are assessing us. We have come to the conclusion that this position is a mismatch for both parties and therefore we are terminating your position as of today due to poor work performance.

*[Signature: Maria A. Martz]*

**PLAINTIFF'S EXHIBIT**

E

**DOCKETED**
MAR 16 2004

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

04C 1955

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

JUDGE JOHN W. DARRAH

**Plaintiff(s):** Veronica Bonilla

**Defendant(s):** Rush University Medical Center, d/b/a Rush-Presbyterian St. Luke's Medical Center

County of Residence: Cook

County of Residence:

MAGISTRATE JUDGE NOLAN

Plaintiff's Atty: Brian R. Holman
Holman & Stefanowicz, LLC
30 S. Wacker Drive, Suite 2425, Chicago, IL 60606
(312) 258-9700

Defendant's Atty:

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties** (Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 442 Employment

**VI. Cause of Action:** Americans with Disabilities Act 42 U.S.C. sect. 12101, et seq.

**VII. Requested in Complaint**
Class Action: No
Dollar Demand:
Jury Demand: Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____
Date: 3-15-04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm

3/12/2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
MAR 1 6 2004

In the Matter of

Veronica Bonilla
vs.
Rush University Medical Center, d/b/a Rush-Presbyterian St. Luke's Medical Center

04C 1955

JUDGE JOHN W. DARRAH

Case Number:

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Veronica Bonilla

MAGISTRATE JUDGE NOLAN

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Brian R. Holman | NAME: Dennis H. Stefanowicz, Jr. |
| FIRM: HOLMAN & STEFANOWICZ, LLC | FIRM: same |
| STREET ADDRESS: 30 S. Wacker Drive, Suite 2425 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, Illinois 60606 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 258-9700 / FAX NUMBER: (312) 258-9702 | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS: BRH@HS-ATTORNEYS.COM | E-MAIL ADDRESS: DHS@HS-ATTORNEYS.COM |
| IDENTIFICATION NUMBER: 6211123 | IDENTIFICATION NUMBER: 6210166 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☑ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☑ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☑ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

1-3